McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
MICHAEL G. TIERNEY
LAURA D. WITHERS
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ERICK RAZO-QUIROZ, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:19-CR-00015-DAD<br><br>STIPULATION AND ORDER MODIFYING PROTECTIVE ORDER (DOC 74) |

## **BACKGROUND**

On January 29, 2019, a United States Magistrate Judge issued a protective order regarding discovery in this matter. Doc. 74.[1] (the "Protective Order"). To date, the parties have been moving to seal exhibits filed on the Court's publicly-available docket that are also items in discovery; the purpose has been to ensure that no such public filing violates the Protective Order. On May 7, 2019, this Court indicated its concern with the amount of sealed filings in this case.

Separately, the parties have discussed whether provision to experts of items subject to the Protective Order would violate the Protective Order and seek to clarify that question moving forward.

Accordingly, the parties have discussed the matter and now propose the following amendments

---

[1] The contents of the protective order are sealed, and accordingly this filing does not discuss them in detail.

1

to the Protective Order:

1. A party's filing of an item from discovery in conjunction with a filing on the publicly-available court docket does not violate the Protective Order.
2. Items filed on the docket need not be sealed simply because they contain documents subject to the Protective Order.
3. If a party believes that sealing is necessary (either of its own filing or another party's) it can contact court and counsel and request sealing, setting out its reasons.
4. The parties may provide items subject to the Protective Order to an expert for their review or use in formulating an opinion, drafting a report, or otherwise assisting the defense without violating the Protective Order. Any materials sent to an expert which are subject to the Protective Order shall be accompanied by a copy of the Protective Order and instructions to the expert to not disseminate the materials further, and to return or destroy such materials upon the conclusion of their role as an expert in the case.

The parties are aware that none of the modifications proposed above affects the obligations imposed by Fed. R. Crim. P. 49.1 and Local Rule 140 requiring redaction of personal information; that is, such information would need to be redacted, even if the filing is not sealed.

Dated: May 28, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ Michael G. Tierney
MICHAEL G. TIERNEY
KAREN A. ESCOBAR
LAURA D. WITHERS
Assistant United States Attorneys

By: /s/ Megan T. Hopkins
MEGAN T. HOPKINS
ERIN SNIDER
Attorneys for Conrado Virgen Mendoza

By: /s/ Serita Rios
SERITA RIOS
Attorney for Defendant Erasmo Villegas Suarez

By: /s/ John Meyer
JOHN MEYER
Attorneys for Ana Cervantes Sanchez

By: /s/ Barbara O'Neill
BARBARA O'NEILL
Attorney for Defendant Erick Quiroz

By: /s/ Willard Bakeman
WILLARD BAKEMAN
Attorney for Defendant Maria Moreno

## **ORDER**

It is hereby ordered that the Protective Order in this case (Doc. 74) is modified as follows:

1. A party's filing of an item from discovery in conjunction with a filing on the publicly-available court docket does not violate the Protective Order.

2. Items filed on the docket need not be sealed simply because they contain documents subject to the Protective Order.

3. If a party believes that sealing is necessary (either of its own filing or another party's) it can contact court and counsel and request sealing, setting out its reasons.

4. The parties may provide items subject to the Protective Order to an expert for their review or use in formulating an opinion, drafting a report, or otherwise assisting the defense without violating the Protective Order.

Any materials sent to an expert which are subject to the Protective Order shall be accompanied by a copy of the Protective Order and instructions to the expert to not disseminate the materials further, and to return or destroy such materials upon the conclusion of their role as an expert in the case.

IT IS SO ORDERED.

Dated: **May 29, 2019**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE