UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CONRADO VIRGEN-MENDOZA,<br><br>Defendant. | No. 1:19-cr-00015-DAD-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CORRECT AND REDUCE HIS SENTENCE IN PART UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 747) |

On February 16, 2025, counsel on behalf of defendant Conrado Virgen-Mendoza filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 747.) On February 24, 2025, the government filed an opposition to defendant's motion along with exhibits in support of that opposition. (Doc. Nos. 748, 753.)

For the reasons explained below the court will grant the pending motion to correct and reduce defendant Conrado Virgen-Mendoza's sentence in part.

/////

/////

/////

/////

/////

1

## BACKGROUND

On September 30, 2019, following a jury trial, defendant Conrado Virgen-Mendoza was found guilty of conspiracy to aid and abet flight to avoid prosecution, in violation of 18 U.S.C. § 371. (Doc. Nos. 544, 549.)[1]

The Presentence Investigation Report (PSR) found that defendant's total offense level was 16 and his criminal history category was I (based on 0 criminal history points), resulting in an advisory sentencing guideline range calling for a term of imprisonment of 21 to 27 months. (Doc. Nos. 647 at 4; 672 at 4.) On March 29, 2021, the undersigned adopted the findings of the PSR without change and sentenced defendant to a 21–month term of imprisonment, a 36–month term of supervised release to follow (to become unsupervised if deported), and $200 in mandatory penalty assessments. (Doc. Nos. 671, 673.)

Defendant Conrado Virgen-Mendoza now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Doc. No. 747.) Specifically, defendant contends that he is eligible for a sentence reduction based on Part B of Amendment 821 and U.S.S.G. § 4C1.1(a). (*Id.*) That new provision reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders. At this time, defendant has served approximately 11 months of his 21-month sentence, including credit for pre-trial custody and has a projected release date of July 31, 2025, with application of First Step Act credits. (Doc. No. 748-1 at 3).

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th

---

[1] On January 21, 2020, defendant also entered a plea of guilty to possession of false immigration document in violation of 18 U.S.C. § 1546(a). (Doc. No. 606.)

2

Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

Defendant argues that he had no prior criminal history at the time of his sentencing, is a zero-point offender, and that, with the two–level reduction in his offense level under Amendment 821, his new guideline range calls for a sentence of between 15 to 21 months in prison. (Doc. No. 747 at 3.) He argues that his sentence should be reduced to the low end of that range—15 months—in light of the reduced offense level, the nature and circumstances of his offense conduct, his history and characteristics, the significant collateral consequences he and his family have and will continue to suffer as a result of his conviction and certain deportation, as well as his over five years of pretrial services supervision without incident all the way up to his voluntary surrender into BOP custody following his unsuccessful appeal from his conviction. (*Id.* at 3–7.) Defendant also states that it appears he would have now satisfied his sentence if it is reduced to 15 months as requested. (*Id.* at 3.)

1      The government does not dispute that defendant qualifies as a zero–point offender under

2 Amendment 821 or that he has not sustained any disciplinary incidents while in BOP custody.

3 (Doc. No. 748 at 1, 7.)  However, the government argues that the court should nonetheless deny

4 the pending motion.  (*Id*., at 1.)  In this regard, the government argues that numerous factors

5 weigh against a sentence reduction in the case of this defendant including:  the nature and

6 circumstances of the offense; the defendant's history and characteristics; the need for just

7 punishment and deterrence; and to avoid unwarranted sentencing disparity.  (*Id.* at 10–15.)  In

8 advancing these arguments, the government emphasizes that this court indicated in sentencing

9 defendant Conrado Virgen–Mendoza that, rather than being focused on a particular point within

10 the applicable sentencing guideline range, the court was basing its sentence on its conclusion that

11 this defendant should receive the same 21–month sentence imposed upon co-defendants Adrian

12 Virgen–Mendoza and Erik Quiroz, despite their arguably different levels of overall culpability.

13 (*Id.* at 1, 6–7, 10, 14–15.)  The government is correct that this was the conclusion of the

14 undersigned at the time of this defendant's sentencing in March of 2021.[2]  However,

15 circumstances have changed somewhat over the intervening four years.

16      Co-defendant Adrian Virgen-Mendoza entered a plea of guilty and was determined to

17 have an offense level of 13, a criminal history category of II (based on 1 criminal history point for

18 a driving under the influence conviction and 2 status points[3]) and a sentencing guideline range

19 calling for imposition of a term of imprisonment of between 15 to 21 months. (Doc. No. 321 at 4,

20 11.)  After he served that sentence, defendant Adrian Virgen-Mendoza's supervised release term

21 commenced on June 22, 2020, and he was apparently deported.  (Doc. No. 694.)  On or about

22 July 17, 2022, he illegally re-entered the United States without permission to do so, was charged

---

[2] The parties and the undersigned are all very familiar with the underlying facts of this serious case and those facts need not be recounted in this order.

[3] The court recognizes that under Part A of Amendment 821 and U.S.S.G § 4A1.1(e), which reduced the number of criminal history points for defendants who had received "status points" under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice sentence, today defendant Adrian Virgen-Mendoza might well be in criminal history category I resulting in a guideline range of  12 to 18 months.  However, he would still have 1 criminal history point as opposed to zero.

1    and pled guilty to violating 8 U.S.C. § 1326(a) and (b)(1) in the U.S. District Court for the

2    Southern District of California. (*Id.*) Following his entry of a guilty plea, he was released from

3    custody in error and a warrant for his arrest was issued on September 14, 2022, in the Southern

4    District. (*Id.*, at 2.) On October 24, 2022, a petition to revoke his term of supervised release in

5    this case was filed and an arrest warrant was issued. (*Id.*) Those arrest warrants remain

6    outstanding and defendant Adrian Virgen-Mendoza's whereabouts remain unknown.

7          Co-defendant Erik Razo-Quiroz was convicted at trial and was determined to have an

8    offense level of 15 and a criminal history category II (based upon 1 criminal history point for a

9    prior grand theft conviction and 2 status points[4]), resulting in an advisory sentencing guideline

10   range calling for a term of imprisonment of 21 to 27 months. (Doc. Nos. 583 at 4, 9–10; 610 at 4,

11   9–10.) After serving his prison sentence, defendant Razo-Quiroz was also deported with his

12   supervised release term commencing on June 23, 2020. (Doc. No. 737.) On September 22, 2022,

13   he was arrested for driving under the influence (having re-entered the United States without

14   permission to do so) and failed to notify his supervising probation officer of that arrest. (*Id.*) He

15   was sentenced to the custody of the BOP for 7 months on the supervised release violation. (Doc.

16   Nos. 741, 744.)

17         As noted above, defendant Conrado Virgen-Mendoza's new advisory sentencing guideline

18   range under Amendment 821 calls for a sentence of between 15 to 21 months in prison. Unlike

19   his two co-defendants discussed above, he has zero criminal history points. In addition, he was

20   under strict Pretrial Services supervision for over five years without incident and in full

21   compliance of the conditions of that supervision. Finally, he voluntarily surrendered into the

22   custody of the BOP as directed by the court and it is undisputed he has no disciplinary record of

23   any kind since commencing service of his sentence. Upon further reflection, the court finds that

24   all of these circumstances (especially his lack of any criminal record/history points) serve to

25   distinguish him from his co-defendants to some degree, even if they are otherwise comparable.

26

---

27   [4] For the same reasons discussed above in fn. 2, defendant Erik Razo-Quiroz today may well be in criminal history category I with an advisory sentencing guideline range of 18 to 24 months, but
28   still with 1 criminal history point based upon his prior felony conviction for grand theft.

**CONCLUSION**

For the reasons explained above:

1.) Defendant Conrado Virgen-Mendoza's motion for a reduction of his sentence pursuant to § 3582(c)(2) (Doc. No. 747), is hereby granted in part;

2.) Based upon defendant's new offense level of 14 and his criminal history category of I (due to 0 criminal history points), his new sentencing guideline range calls for a sentence of 15 to 21 months imprisonment and the court now reduces the term of imprisonment imposed in this case from 21 to 18 months, with all the same terms and conditions originally imposed to remain in effect;

3.) Out of an abundance of caution, and at the government's request (Doc. No. 748 at 15, n.9), this order is effective on March 11, 2025. If the amount of time the defendant has served as of March 11, 2025, exceeds the reduced sentence stated in this order, the sentence is instead reduced to a sentence of time served as of March 11, 2025; and

4.) An amended judgment will be issued.

IT IS SO ORDERED.

Dated: **March 4, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE